UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US LAWNS, INC.,

      Plaintiff,

v.                                                          Case No:   6:15-cv-223-Orl-31TBS

RBG ENTERPRISES, LLC and BLAKE
GORDON,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*.   Plaintiff US Lawns, Inc. filed this action against Defendants RBG Enterprises, LLC and Blake Gordon seeking to confirm a $30,161.72 award entered at the conclusion of binding arbitration between the parties (Doc. 1).   In its complaint, Plaintiff alleged that the Court had jurisdiction pursuant to § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 (Id., ¶ 1).   The Eleventh Circuit has held that § 9 does not create an independent basis for federal jurisdiction.   Loral Corp. v. Swiftships, Inc., 77 F.3d 420, 422 (11th Cir. 1996).   Accordingly, the Court ordered Plaintiff to file an amended complaint setting forth factual allegations that, if accepted as true, suffice to show that the Court has subject matter jurisdiction over the case (Doc. 4).

Plaintiff has amended its complaint which now alleges that the Court has jurisdiction "pursuant to the Lanham Act, 15 U.S.C. § 1114, *et seq.*, as the underlying arbitration award imposes an injunction upon the Defendants to cease and desist from utilizing the Plaintiff's federally registered trademarks."   (Doc. 5, ¶ 1).   Section 39 of the Lanham Act confers jurisdiction over "all actions arising under" the Act.   15 U.S.C. § 1121.   As the Supreme Court explained in interpreting similar language authorizing

jurisdiction over patent cases, a case "arises under" federal law when either (1) federal law creates the cause of action asserted, or (2) the case necessarily raises a federal issue that is actually disputed and substantial and which a federal court may entertain without disturbing any congressionally approved balance of federal and state adjudicatory responsibilities.  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citing American Well Works Co. v. Layne & Bowler Co., 251 U.S. 257, 260 (1916); Grable v. Darue, 545 U.S. 308, 313–14 (2005)).

This case fits neither category.   It was brought pursuant to 9 U.S.C. § 9, not any section of the Lanham Act.[1]   Although the statute creating the cause of action–the FAA– is a federal statute, the Eleventh Circuit and the Supreme Court have held that the FAA "'does not create any independent federal question jurisdiction under ... § 1331 or otherwise.'"   Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (quoting Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 32). Nor has Plaintiff identified a disputed federal question that is both substantial and necessary to the resolution this action.   Given the limited scope of judicial review of arbitral decisions under the FAA, it seems unlikely that the Court's review will require

---

[1] It is possible that the underlying dispute did "arise under" the Lanham Act.   But, the complaint and amended complaint do not make this clear.   Even if the arbitrated dispute did arise under federal law, the Court probably would not have jurisdiction to confirm the award.   Although the Eleventh Circuit left this question open in a case dealing with §§ 10 and 11 of the FAA (which deal with vacatur and modification of arbitral awards), see Baltin, 128 F.3d at 1472 & n. 15, other circuits have concluded that "the federal nature of an underlying arbitrated dispute" does not give federal courts subject matter jurisdiction to confirm the resulting award, at least absent a substantial and disputed federal question.   Carter v. Health Net of California, Inc., 374 F.3d 830, 835 (9th Cir. 2004); Collins v. Blue Cross Blue Shield of Michigan, 103 F.3d 35, 37 (6th Cir. 1996); Virgin Islands Housing Authority v. Coastal General Construction Services Corp., 27 F.3d 911, 915-16 (3d Cir. 1994); see also Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005) (no "arising under" jurisdiction over petition to vacate award pursuant to § 10); Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1106-07 (7th Cir. 1996) (same).   While federal courts have jurisdiction over petitions to compel arbitration under 9 U.S.C. § 4, see Vaden v. Discover Bank, 556 U.S. 49 (2009), that provision explicitly authorizes federal jurisdiction where the district court "save for [the arbitration] agreement, would have had jurisdiction under title 28 ... of the subject matter of a suit arising out of the controversy between the parties."   Sections 9-11 contain no such express jurisdictional grant.

deciding any substantive federal question, much less a disputed and substantial one.

Cf. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (favorably

quoting Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir. 1995), for the

proposition that a motion to vacate an arbitral award "does not require the resolution of

any federal issue, let alone a substantial question of federal law").

Accordingly, upon due consideration, I respectfully recommend that this action be

**DISMISSED without prejudice** for lack of subject matter jurisdiction.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Counsel of Record
    Unrepresented Parties